UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONNELL RAE PETERSON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO. 09-CV-563-FHM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| DEFENDANT. | ) |

## OPINION AND ORDER

Plaintiff, Ronnell Rae Peterson, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir.

---

[1] Plaintiff's February 1, 2006 application for Disability Insurance benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held April 8, 2008. By decision dated May 14, 2008, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on July 17, 2009. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

2003).  The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Plaintiff was 38 years old at the time of the hearing. [R. 25].  She claims to have been unable to work since July 1, 2005, due to scoliosis[2] and Attention-Deficit Hyperactivity Disorder (ADHD). [Plaintiff's Brief, Dkt. 18, p. 2]. The ALJ determined that Plaintiff has severe impairments consisting of scoliosis, ADHD and borderline intellectual functioning [R. 9], but that she retains the residual functional capacity (RFC) to perform light work activity except that she is able to understand and carry out simple instructions and relate to others superficially for work matters and that she is able to adapt to a work situation. [R. 11].  Based upon the testimony of a vocational expert (VE), the ALJ found that Plaintiff could not return to her past relevant work but that there are other jobs available in the economy in significant numbers that Plaintiff could perform with that RFC. [R. 13-14].  He concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 15].  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

---

[2] Scoliosis is an appreciable lateral deviation in the normally straight vertical line of the spine. *See* Dorland's Ill. Medical Dictionary, 28th Ed. (1994) 1497.

Plaintiff asserts one allegation of error: that the ALJ failed to properly analyze the medical evidence. [Dkt. 18, p. 4]. Specifically, Plaintiff contends the ALJ did not adopt all the findings of the agency's consultative physicians and that his decision is internally inconsistent. [Dkt. 18]. The Commissioner responds that the ALJ presented the consultative physicians' reports to the VE at the hearing and then relied upon the VE's testimony in determining whether there is other work in the economy that Plaintiff can perform with that RFC. [Dkt. 19, pp. 4-5]. The Commissioner posits that the slight difference between the "B" criteria ratings set out in the consultant's report and the findings expressed in the ALJ's written decision had no impact on the outcome of the case since both found Plaintiff had a severe mental impairment that did not meet the listings. [Dkt. 19, pp. 5-6]. The Court agrees with the Commissioner.

At the hearing, the ALJ and Plaintiff's counsel questioned Plaintiff regarding her past work, the reasons she stopped working and the problems she claimed prevented her from returning to her past work. [R. 23-44]. The ALJ then elicited testimony from the VE as to Plaintiff's vocational history and the requirements of Plaintiff's past work. [R. 44-46]. The ALJ presented the VE with three exhibits: 4F, the PRT by Burnard Pearce [R. 356-369]; 5F, the Mental RFC Assessment by Burnard Pearce [R. 370-373]; and 6F, the Physical RFC Assessment by Judy Marks-Snelling, D.O., M.P.H. [R. 374-381]. [R. 46]. The VE testified that, based upon those RFC assessments, Plaintiff would not be able to return to her past work. [R. 46]. At the ALJ's request, the VE identified two jobs in the light exertional level and two jobs at the sedentary level that Plaintiff could perform despite the limitations described in the consultants' RFC

assessments. [R. 47-48]. The ALJ adopted the VE's testimony in both his step four and step five findings. [R. 13-15].

Plaintiff does not dispute the VE's description of her previous jobs or of the jobs he identified as available to a person with the RFC assessed by the agency consultants. Nor does Plaintiff challenge the agency consultants' RFC assessments themselves.

With regard to Burnard Pearce's opinion, Plaintiff does not contend that a "moderate" difficulty in maintaining social functioning would entitle her to disability benefits under Listing 12.02 or that, had the ALJ adopted exactly the "B" criteria by Burnard Pearce, he would necessarily have had to find that Plaintiff is disabled.[3] She contends only that the ALJ committed reversible error because he set forth in his written decision only "mild" limitations in this area rather than the "moderate" limitations assessed by Burnard Pearce. The Court finds Plaintiff has not presented sufficient grounds for reversal.

Plaintiff has not shown that the ALJ erred in deciding that she did not meet the listing for organic mental disorders. The ALJ found that Plaintiff met the "A" criteria of the listing but not the "B" criteria or the "C" criteria. [R. 10]. Substantial evidence supports the ALJ's conclusion that Plaintiff does not meet the "B" or "C" criteria of the listing. The Court, therefore, finds no grounds for reversal based upon the ALJ's conclusion that Plaintiff's mental impairment does not meet the listings. *See Fisher-Ross v. Barnhart*, 431 F.3d 729, 734-5 (ALJ's decision can be affirmed when confirmed or

---

[3] The "B" criteria of Listing 12.02 *Organic Mental Disorders*, are met when the claimant exhibits "marked difficulties" in at least two of the four areas. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.02.

unchallenged findings made at steps four and five "conclusively preclude Clamant's qualification under the listings at step three" such that no reasonable fact finder could conclude otherwise.).

Plaintiff also asserts that the ALJ erred by not specifically recognizing in his written decision the stooping and crouching limitations included in the Physical RFC assessment by Dr. Marks-Snelling. [Dkt. 18, p. 6]. The Court agrees with the Commissioner that, under the circumstances of this case, reversal is not warranted.

Social Security Ruling (S.S.R.) 85-15, 1985 WL 56757 at *7, provides in pertinent part, the following guidance in evaluating the impact of exertional and non-exertional impairments upon the occupational base:

> b. Stooping, kneeling, crouching, and crawling are progressively more strenuous forms of bending parts of the body, with crawling as a form of locomotion involving bending. Some stooping (bending the body downward and forward by bending the spine at the waist) is required to do almost any kind of work, particularly when objects below the waist are involved. **If a person can stoop occasionally (from very little up to one-third of the time) in order to lift objects, the sedentary and light occupational base is virtually intact.** However, because of the lifting required for most medium, heavy, and very heavy jobs, a person must be able to stoop frequently (from one-third to two-thirds of the time); inability to do so would substantially affect the more strenuous portion of the occupational base. **This is also true for crouching (bending the body downward and forward by bending both the legs and spine).**

*Id.* (emphasis added). As provided in S.S.R. 85-15 at *3, the ALJ consulted a VE to assist him in determining the number of jobs in the economy that would be available to a hypothetical person with the RFC assessed by Dr. Marks-Snelling that included occasional stooping and crouching. [R. 46-47]. The VE identified two light and two

sedentary jobs as representative examples of jobs available to such a hypothetical person. [R. 47]. The ALJ adopted the testimony of the VE in his step four and step five findings. [R. 13-16]. Plaintiff does not claim that she is unable to perform these jobs because she cannot occasionally stoop and/or crouch. Plaintiff has not established grounds for reversal on this basis.

## Conclusion

The Court concludes that the ALJ considered Plaintiff's claims under the correct legal standards and that his decision is supported by substantial evidence. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 24th day of September, 2010.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE